**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellant,*

            v.

SCOTT F. SHERBURNE,
            *Defendant-Appellee.*

No. 06-30534

D.C. No.
CR-98-00011-DWM

OPINION

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted
October 16, 2007—Seattle, Washington

Filed November 6, 2007

Before: Betty B. Fletcher, Arlen C. Beam,* and
Pamela Ann Rymer, Circuit Judges.

Opinion by Judge B. Fletcher

---

*The Honorable Arlen C. Beam, Senior United States Circuit Judge for
the Eighth Circuit, sitting by designation.

**COUNSEL**

Eric B. Wolff, Assistant United States Attorney, Billings, Montana, for the plaintiff-appellant.

Patrick F. Flaherty, Attorney at Law, Great Falls, Montana, for the defendant-appellee.

**OPINION**

B. FLETCHER, Circuit Judge:

This appeal by the government is from the district court's grant of attorney's fees to Scott Sherburne under the Hyde Amendment, Pub. L. 105-119, Title VII § 617, 111 Stat. 2519 (codified at 18 U.S.C. § 3006A Note). We reverse.

Blaze Construction ("Blaze") submitted an application for federal grant funds under a Department of Housing and Urban Development ("HUD") program designed to fund the construction of private homes for low income Native Americans. Blaze's project to build homes on the Blackfeet Indian Reservation of Montana ("the Blaze project") was plagued with difficulty and controversy from beginning to end. As part of an investigation into the Blaze project, Federal Bureau of Investigation agents in February 1998 interviewed Scott Sherburne, manager of Lodge Builder Management, a company associated with Blaze. During the interview, Sherburne made an incriminating statement while represented by counsel.

The United States brought criminal charges against thirteen defendants including Sherburne. The charges against Sher-

burne were for conspiracy and wire fraud, based on alleged abuses in the funding and construction of the Blaze project. At trial, the district court excluded Sherburne's incriminating statement upon which the United States had relied in deciding to bring charges against him in the first place. Without the excluded evidence, the United States could not prove its wire fraud allegations and therefore recommended that the court acquit all defendants on the wire fraud charge after the defendants had moved for an acquittal under Federal Rule of Criminal Procedure 29 at the close of government's case. Ultimately, Sherburne was acquitted on all charges and dismissed from the case.

Following the trial, Blaze, Sherburne, and others moved for attorney fees under the Hyde Amendment, which permits a criminal defendant to recover fees when the government's "position" was "vexatious, frivolous, or in bad faith." 18 U.S.C. § 3006A Note. The district court adopted the standard set forth by a Virginia district court in *United States v. Holland*, which framed the proper inquiry under the "vexatiousness" prong of the Hyde Amendment as "whether a reasonable prosecutor should have concluded that the applicable law and the available evidence were insufficient to prove the defendants' guilt beyond a reasonable doubt and, if so, was the continuation of the prosecution vexatious." 34 F. Supp. 2d 346, 364 (E.D. Va. 1999). Applying this standard, the court awarded fees to Sherburne, holding that a reasonable prosecutor should have concluded that the applicable law and the available evidence were insufficient to establish Sherburne's specific guilt beyond a reasonable doubt.

**[1]** In *United States v. Sherburne*, 249 F.3d 1121 (9th Cir. 2001) ("*Sherburne I*"), we reviewed the district court's award of fees under the "vexatious" element of the Hyde Amendment for abuse of discretion and remanded, holding that the standard employed by the district court in the fees award "differs markedly from our interpretation of the statute." *Id.* at 1127. We concluded that fees should not be awarded when-

ever a "reasonable prosecutor" should have concluded that the government would lose the case but rather "when the prosecution was unwarranted because it was intended to harass and without sufficient foundation." *Id.* We found the pure reasonableness standard to be prone to judicial second-guessing and also noted that it would permit fees to be awarded even more often, under an even more relaxed standard, than the "substantially justified" standard employed in the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1), which had been rejected in Hyde Amendment jurisprudence as being too permissive. *Id.* at 1128 (citing *United States v. Lindberg*, 220 F.3d 1120, 1124 (9th Cir. 2000)). We therefore concluded that the pure reasonableness standard was incorrect as a matter of law, and thus that the district court had abused its discretion by employing it. *Sherburne I*, 249 F.3d at 1128. We vacated the award of fees to Sherburne and Blaze, and remanded to the district court with the instruction to apply the following "vexatiousness" standard: a defendant is entitled to attorney fees under the Hyde Amendment only when the prosecution was (1) unwarranted because it was intended to harass (the subjective element) and (2) without sufficient foundation (the objective element). *Id.*

On remand, the district court substituted Sherburne's estate for Sherburne because he had died, concluded that both the subjective and objective elements of "vexatiousness" were present, and reinstated fees. Regarding the subjective element, the district court concluded that the prosecution was subjectively "malicious and based upon an intent to harass." The court found that the United States "did not understand the complexities of the investigated financing arrangements," "distorted the record," failed "to properly consider or portray exculpatory or mitigating information," and unfairly characterized Sherburne's statement as a confession rather than speculation. The court also held a subjective intent to harass could be fairly inferred from the facts that the United States had only charged Sherburne late in the investigation, had not

challenged his Rule 29 motion, and had not objectively assessed its proof against Sherburne.

The United States appeals the district court's second order granting Sherburne's motion for attorney fees under the Hyde Amendment. The United States argues that its position during prosecution exhibited neither the subjective intent to harass nor objective deficiency. This court has jurisdiction to hear the instant appeal under 28 U.S.C. § 1291. An award of attorney fees pursuant to the Hyde Amendment is reviewed for an abuse of discretion. *See United States v. Danielson*, 325 F.3d 1054, 1076 (9th Cir. 2003).

The district court rested its conclusion with respect to the subjective element on two principal findings. First, it concluded that Sherburne's February 1998 statement to law enforcement should not have been treated as incriminating and that the prosecution's attempt to characterize it as such was based on an intent to harass. Sherburne argues the district court was correct because the United States unfairly and maliciously depicted his speculation in an investigative interview as a confession. The United States argues that it is entitled to characterize evidence in the light most favorable to the government and that it did not unfairly depict Sherburne's statement to the point of "vexatiousness." We agree with the United States.

**[2]** Upon review of the record, we reject the district court's interpretation of Sherburne's statement as non-incriminating. It is clear, unambiguous and incriminating. Indeed, the district court and the parties treated Sherburne's statement as incriminating (specifically as an admission that Sherburne drafted fraudulent "gift letters" in order to procure a loan for Don Wilson, tribal official Lee Wilson's son). The court excluded that statement under *Bruton v. United States*, 391 U.S. 123 (1968), which "precludes the admission of a defendant's confession implicating a co-defendant during a joint trial," if the defendant-confessor is not going to testify. *United States v.*

*Allen*, 425 F.3d 1231, 1235 & n.5 (9th Cir. 2005).[1] In *Sherburne I*, we described Sherburne's statement as an "admission that he wrote the false letters" for which he was charged. 249 F.3d at 1128. Upon review in this second appeal we conclude that the United States fairly characterized Sherburne's statement in the light most favorable to the government and reasonably felt that both the letter and the statement would be admissible. We now hold that an intent to harass cannot be inferred in such circumstances.

[3] Second, the district court concluded that the United States failed to understand its case. Here the record indicates the United States did understand its case. The United States' theory, resulting from its investigation, was that the fact that defendants obtained a grant from the government to build seventy-two houses but built only fifty-one was evidence of fraud. The government understood the "leveraging" defense but attacked it as hollow, since defendants never explained that leveraging was part of their financing plan in the original HUD grant. Indeed, the district court itself previously considered the government's theory reasonable when it denied fees to other defendants in the same case. Even though the government lost the suppression motion and thus the bulk of its evidence against Sherburne, it articulated a viable basis for admissibility; we conclude that its decision to prosecute was not vexatious. In any case, subjective intent to harass does not arise from merely factual mistakes or mistakes concerning the legal merit of the government's position. *See, e.g., United States v. Schneider*, 395 F.3d 78, 89-90 (2d Cir. 2005) (holding that an AUSA mistakenly reporting the holding of two cases was bad judgment, but not bad faith); *United States v. Knott*, 256 F.3d 20, 31 (1st Cir. 2001) (two EPA civil inspectors exceeding permission was not "vexatious," where conclusion could have easily been that an honest mistake had been

---

[1]The government had been led to believe that Sherburne would testify so that the government's plan to use the statement about the letter was reasonable in any event.

made about scope of authority). The district court's reliance on its finding that the United States did not understand its case with respect to Sherburne, right or wrong, is not a basis for an award of fees under the Hyde Amendment.

[4] We do not reach the question whether its prosecution was objectively without foundation. Because the district court clearly erred in finding that the government subjectively intended to harass Sherburne, the court abused its discretion in ruling that "vexatiousness" existed in Sherburne's prosecution. A grant of fees under the Hyde Amendment is not appropriate.

**REVERSED.**